**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

|  |  |
|---|---|
| AARON KEATING,<br><br>       Plaintiff,<br><br>  v.<br><br>AMAZON WEB SERVICES INC. and<br>AMAZON.COM INC. dba AMAZON WEB<br>SERVICES, INC.,<br><br>      Defendants. | Case No. 3:23-cv-00868 |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants Amazon Web Services, Inc. ("AWS") and Amazon.com, Inc. ("Amazon") (collectively with AWS, "Defendants") file their Answer and Affirmative and Other Defenses in response to Plaintiff Aaron Keating's ("Plaintiff") Complaint and make the following responses to the respective designated and numbered allegations set forth in Plaintiff's Complaint, subject to the affirmative and other defenses that follow:

**ANSWER**

**INTRODUCTION[1]**

1.     Defendants admit that Plaintiff is seeking a jury trial in this action. Defendants deny the remaining allegations in Paragraph 1.

2.     Defendants admit that Plaintiff has brought claims against them under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). Defendants deny the remaining allegations in Paragraph 2.

---

[1] Defendants do not consider these section titles to be substantive allegations, but to the extent they are, Defendants deny them.

3.      Defendants admit that Plaintiff has brought claims against them under the Family and Medical Leave Act of 1993 ("FMLA"). Defendants deny the remaining allegations in Paragraph 3.

## THE PARTIES

4.      Defendants admit that Plaintiff is an individual. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's current residence and therefore deny the remaining allegations in Paragraph 4.

5.      Defendants admit that AWS is a corporation headquartered at 410 Terry Avenue, Seattle, Washington, and that AWS's registered agent in Virginia for service of process purposes is Corporation Service Company, 100 Shockoe Slip, Floor 1, Richmond, Virginia, 23219. Defendants deny the remaining allegations in Paragraph 5.

6.      Defendants admit that Amazon is a corporation headquartered at 410 Terry Avenue, Seattle, Washington, that AWS is a subsidiary of Amazon, and that Amazon's registered agent in Delaware for service of process purposes is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware. Defendants deny the remaining allegations in Paragraph 6.

7.      Defendants admit the allegations in Paragraph 7.

8.      Defendants admit that Aubrey Fulmer currently supervises Plaintiff's employment. Defendants deny the remaining allegations in Paragraph 8.

9.      Defendants admit that Stylianos Kaminaris currently is Plaintiff's skip-level manager. Defendants deny the remaining allegations in Paragraph 9.

10.     Denied.

11.     Denied.

**JURISDICTION & VENUE**

12.     Defendants admit that Plaintiff has brought claims and seeks relief against them under USERRA. The allegations in Paragraph 12 regarding whether this Court has subject matter jurisdiction over Plaintiff's claims are conclusions of law to which no response is required. To the extent a response is required, Defendants admit that the Court has federal jurisdiction over Plaintiff's claims. Defendants deny the remaining allegations in Paragraph 12.

13.     Defendants admit that Plaintiff has brought claims and seeks relief against them under the FMLA. The allegations in Paragraph 13 regarding whether this Court has subject matter jurisdiction over Plaintiff's claims are conclusions of law to which no response is required. To the extent a response is required, Defendants admit that the Court has federal jurisdiction over Plaintiff's claims. Defendants deny the remaining allegations in Paragraph 13.

14.     The allegations in Paragraph 14 contain legal conclusions to which no response is required. To the extent a response is required, Defendants admit that venue is proper.

15.     The allegations in Paragraph 15 contain legal conclusions to which no response is required. To the extent a response is required, Defendants admit that venue is proper.

**FACTUAL ALLEGATIONS**

16.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 16 and therefore deny them.

17.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 17 and therefore deny them.

18.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 18 and therefore deny them.

19.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 19 and therefore deny them.

20.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 20 and therefore deny them.

21.     Denied.

22.     Defendants admit that Plaintiff began employment with Amazon.com Service, Inc. in Pennsylvania in August 2016. Defendants deny the remaining allegations in Paragraph 22.

23.     Defendants admit that Plaintiff worked for Amazon.com Services, Inc. in Pennsylvania in 2018, and that Plaintiff took a military leave of absence in 2018. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 23 and therefore deny them.

24.     Defendants admit that Plaintiff returned to work at Amazon in Pennsylvania from a military leave of absence in April 2019. Defendants deny the remaining allegations in Paragraph 24.

25.     Defendants admit that Plaintiff started working for AWS at a location in Seattle, Washington. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 25 regarding Plaintiff's military service and therefore deny them. Defendants deny the remaining allegations in Paragraph 25.

26.     Defendants admit the allegations in Paragraph 26.

27.     Denied.

28.     Defendants admit that Plaintiff began working remotely. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 28 and therefore deny them.

29.    Denied.

30.    Defendants admit that, on November 30, 2020, AWS assigned Plaintiff to a location in Virginia. Defendants deny the remaining allegations in Paragraph 30.

31.    Defendants admit that certain HQ2 offices are located in the Crystal City neighborhood of Arlington, Virginia. Defendants deny the remaining allegations in Paragraph 31.

32.    Denied.

33.    Denied.

34.    Defendants admit that, in Plaintiff's current role with AWS, he leads efforts within the Public Sector team to provide services to the Department of Defense organization and those working on their behalf in connection with cloud-based environments, including secret and top secret information. Defendants deny the remaining allegations in Paragraph 34.

35.    Defendants admit that Plaintiff currently serves as a Lead Product Manager for AWS and handles product management. Defendants deny the remaining allegations in Paragraph 35.

36.    Defendants admit that, during Plaintiff's time with AWS, he has led a team managed the Operational Planning Cycle and other projects. Defendants deny the remaining allegations in Paragraph 36.

37.    Defendants admit that they provide paid parental leave and FMLA leave. Some allegations in Paragraph 37 regarding FMLA leave are conclusions of law to which no response is required. The remaining allegations in Paragraph 37 purport to characterize a written document that speaks for itself.

38.     Defendants admit that, prior to 2022, Amazon granted Plaintiff paid leave for the birth of his child. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 38 regarding Plaintiff's children and therefore deny them. Defendants deny the remaining allegations in Paragraph 38.

39.     Defendants admit that Plaintiff took paid parental leave during his employment with Amazon. Defendants deny the remaining allegations in Paragraph 39.

40.     Defendants admit that Plaintiff has taken multiple paid parental leaves during his employment with Amazon and AWS without issue. Defendants lack knowledge or information sufficient to form a belief as to the allegations regarding what Plaintiff personally experienced and therefore deny them. Defendants deny the remaining allegations in Paragraph 40.

41.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 41 and therefore deny them.

42.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 42 and therefore deny them.

43.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 43 and therefore deny them.

44.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 44 and therefore deny them.

45.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 45 and therefore deny them.

46.     Defendants admit that Plaintiff took two Paid Time Off ("PTO") days in June 2022. The allegations in Paragraph 46 regarding FMLA leave are conclusions of law to which no response is required. Defendants lack knowledge or information sufficient to form a belief as to

6

the allegations in Paragraph 46 regarding Plaintiff's "full intent" and therefore deny them. The remaining allegations in Paragraph 46 purport to characterize a written document that speaks for itself.

47.    Denied.

48.    Defendants admit that Plaintiff worked as a Lead Strategic Technical Product Manager at AWS. Defendants deny the remaining allegations in Paragraph 48.

49.    Defendants admit that AWS offered Plaintiff a position with AWS's Region Services team. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 49 regarding Plaintiff's reasons for joining the Region Services team and therefore deny them. Defendants deny the remaining allegations in Paragraph 49.

50.    Defendants admit that, in August 2022, Plaintiff accepted a Product Manager position with AWS's Region Services team, reporting to Ms. Fulmer who reported to Mr. Kaminaris. Defendant further admits that David Nolton leads AWS's Region Services team. Defendants deny the remaining allegations in Paragraph 50.

51.    Defendants admit that, in August of 2022, Plaintiff began reporting to Ms. Fulmer who reported to Mr. Kaminaris. Defendants deny the remaining allegations in Paragraph 51.

52.    Denied.

53.    Denied.

54.    Defendants admit that Plaintiff scheduled someone to take notes during a weekly leadership review he did not attend. Defendants deny the remaining allegations in Paragraph 54.

55.    The allegations in Paragraph 55 purport to characterize a written document that speaks for itself. Defendants deny the remaining allegations in Paragraph 55.

56.    Denied.

57.     Defendants admit that Ms. Fulmer sent emails to Plaintiff following October 13, 2022. Defendants deny the remaining allegations in Paragraph 57.

58.     Defendants admit that Ms. Fulmer sent an email to Plaintiff on October 31, 2022. Defendants deny the remaining allegations in Paragraph 58.

59.     The allegations in Paragraph 59 purport to characterize a written document that speaks for itself.

60.     Denied.

61.     The allegations in Paragraph 61 purport to characterize a written document that speaks for itself. Defendants deny the remaining allegations in Paragraph 61.

62.     Defendants admit that Plaintiff spoke Arvind Balakumar about returning to his team. Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff "found" or how he "viewed" the email referenced in Paragraph 62 and therefore deny them. Defendants deny the remaining allegations in Paragraph 62.

63.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 63 regarding what Plaintiff "believed" and therefore deny them. Defendants admit the remaining allegations in Paragraph 63.

64.     Defendants admit that, on or about November 3, 2022, Plaintiff spoke with Darren Wilson about Ms. Fulmer. Defendants deny the remaining allegations in Paragraph 64.

65.     Defendants admit that, on November 10, 2022, Plaintiff spoke with Mr. Kaminaris regarding his concerns about working with Ms. Fulmer. Defendants deny the remaining allegations in Paragraph 65.

66.     Defendants admit that, on or about November 10, 2022, Plaintiff spoke with Courtney Gsell regarding his concerns about working for Ms. Fulmer, and that Ms. Gsell

mentioned partnering with the "Builder Team." Defendants deny the remaining allegations in Paragraph 66.

67.    Defendants admit that Ms. Fulmer sent an email to Plaintiff on November 16, 2022. The remaining allegations in Paragraph 67 purport to characterize a written document that speaks for itself.

68.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 68 regarding Plaintiff's "fears" and what Plaintiff "found out." The allegations in Paragraph 68 regarding Ms. Fulmer's November 16, 2022 email purport to characterize a written document that speaks for itself. Defendants deny the remaining allegations in Paragraph 68.

69.    Defendants admit that Plaintiff spoke with Ms. Gsell regarding his concerns about Ms. Fulmer, and that Ms. Gsell sent Plaintiff an email on November 17, 2022. The allegations in Paragraph 69 regarding the November 17, 2022 email purport to characterize a written document that speaks for itself. Defendants deny the remaining allegations in Paragraph 69.

70.    Defendants admit that, on November 30, 2022, Plaintiff spoke with members of AWS's Builder Team regarding his concerns about working for Ms. Fulmer, that Plaintiff submitted documents to the Builder Team, and that the Builder Team told Plaintiff they would conduct an investigation. The allegations in Paragraph 70 regarding the documents Plaintiff submitted purport to characterize written documents that speak for themselves. Defendants deny the remaining allegations in Paragraph 70.

71.    Defendants admit that, on December 14, 2022, Plaintiff spoke with Mr. Kaminaris regarding his concerns about working for Ms. Fulmer, and that Plaintiff mentioned unspecified military obligations in the future. Defendants deny the remaining allegations in Paragraph 71.

72.     Defendants admit that AWS did not promote Plaintiff in or around December 2022. Defendants deny the remaining allegations in Paragraph 72.

73.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 73 and therefore deny them.

74.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 74 and therefore deny them.

75.     Defendants admit that, on February 9, 2023, Mr. Paik sent an email to Plaintiff. The remaining allegations in Paragraph 75 purport to characterize a written document that speaks for itself.

76.     Defendants admit that, on February 13, 2023, Plaintiff spoke with Ms. Gsell. Defendants deny the remaining allegations in Paragraph 76.

77.     Defendants admit that, on or about February 27, 2023, Ms. Fulmer notified Plaintiff that she was taking time off. Defendants deny the remaining allegations in Paragraph 77.

78.     The allegations in Paragraph 78 purport to characterize a written document that speaks for itself. Defendants deny the remaining allegations in Paragraph 78.

79.     Defendants admit that, on March 8, 2023, Diode Messaging, a new product offering from AWS Region Services, was launched. Defendants deny the remaining allegations in Paragraph 79.

80.     Defendants admit that, on or about March 9, 2023, Plaintiff posted an Out of Office notification on his Microsoft Outlook account, and that Plaintiff postponed a vacation to March 2023. The allegations in Paragraph 80 regarding FMLA, USERRA, and a purported "employment contract" are conclusions of law to which no response is required. The allegations

in Paragraph 80 regarding email communications between Plaintiff and Mr. Kaminaris purport to characterize written documents that speak for themselves. Defendants deny the remaining allegations in Paragraph 80.

81.     The allegations in Paragraph 81 purport to characterize written documents that speaks for themselves. Defendants deny the remaining allegations in Paragraph 81.

82.     Defendants admits that Plaintiff emailed AWS Human Resources about the email referenced in Paragraph 82. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 82 regarding whether Plaintiff was "alarmed" and therefore deny them. The allegations in Paragraph 82 regarding email communications between Plaintiff, Mr. Kaminaris, and AWS Human Resources purport to characterize written documents that speak for themselves. Defendants deny the remaining allegations in Paragraph 82.

83.     Defendants admit that Ms. Gsell sent an email to Plaintiff on March 13, 2023. The allegations in Paragraph 82 regarding that email and a previous "email from Ms. Fulmer on February 23, 2023" purport to characterize written documents that speak for themselves. Defendants deny the remaining allegations in Paragraph 83.

84.     Defendants admit that, on March 31, 2023, Plaintiff spoke with Ms. Gsell regarding Mr. Kaminaris's March 9, 2023 email, Defendants deny the remaining allegations in Paragraph 84.

85.     Defendants admit that, as of April 2023, Plaintiff's performance review was incomplete because Plaintiff he was on leave. Defendants deny the remaining allegations in Paragraph 85.

86.     Defendants admit that Plaintiff was on military orders on certain days between April 2023 and the present. Defendants lack knowledge or information sufficient to form a belief

as to the allegations in Paragraph 86 regarding whether Plaintiff is still attending military training and therefore deny this allegation. Defendants deny the remaining allegations in Paragraph 86.

87.    Defendants admit that, on June 29, 2023, Plaintiff's counsel sent an email, attaching a letter, regarding potential legal claims, and that Defendants' counsel responded to this email. The allegations in Paragraph 87 related to those communications purport to characterize written documents that speaks for themselves. Defendants deny the remaining allegations in Paragraph 87.

88.    Denied.

89.    Denied.

90.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 90 regarding when Plaintiff purportedly "noticed" anything in his online account and therefore deny them. Defendants deny the remaining allegations in Paragraph 90.

91.    Defendants admit that, on November 7, 2023, a representative from AWS's Disability Leave Services ("DLS") attempted to reach Plaintiff by telephone regarding overpayments Plaintiff received for military leave. Defendants deny the remaining allegations in Paragraph 91.

92.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 92 regarding what Plaintiff purportedly "received" from his military supervisor and therefore deny them. The remaining allegations in Paragraph 92 purport to characterize written documents that speaks for themselves. Defendants deny the remaining allegations in Paragraph 92.

93.    Denied.

94.    Denied.

95.    Denied.

96.    Defendants admit that Plaintiff has serviced in the U.S. Army Reserves. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 96 regarding the current status of Plaintiff's military service and therefore deny them. The remaining allegations in Paragraph 96 regarding USERRA are conclusions of law to which no response is required.

97.    The allegation in Paragraph 97 is a conclusion of law to which no response is required.

98.    The allegation in Paragraph 98 is a conclusion of law to which no response is required.

99.    The allegation in Paragraph 99 is a conclusion of law to which no response is required.

100.    Defendants admit that Plaintiff worked for AWS for at least 12 months as of as of January 1, 2022. Defendants deny the remaining allegations in Paragraph 100.

101.    Defendants admit that Plaintiff worked for AWS for at least 1,250 hours as of as of June 6, 2022. The allegations in Paragraph 101 regarding FMLA are conclusions of law to which no response is required. Defendants deny the remaining allegations in Paragraph 101.

102.    Defendants admit that Plaintiff worked for AWS for at least 1,250 hours as of as of June 6, 2023. Defendants deny the remaining allegations in Paragraph 101.

103.    Defendants admit that Plaintiff works for AWS and is assigned to a location in the Crystal City neighborhood of Arlington, Virginia. Defendants deny the remaining allegations in Paragraph 103.

104.    Denied.

105.     Defendants admits that AWS employs at least 50 employees within 75 miles from its offices in the Crystal City neighborhood of Arlington, Virginia. Defendants deny the remaining allegations in Paragraph 105.

106.     The allegation in Paragraph 106 is a conclusion of law to which no response is required.

107.     The allegation in Paragraph 107 is a conclusion of law to which no response is required.

108.     The allegation in Paragraph 108 is a conclusion of law to which no response is required.

## FIRST CAUSE OF ACTION
### (Discrimination under 38 U.S.C. §§ 4301 *et seq.*)

109.     Defendants restate and incorporate by reference the responses to the foregoing allegations in each of the paragraphs above as if fully set forth herein.

110.     The allegations in Paragraph 110 are conclusions of law to which no response is required.

111.     The allegations in Paragraph 111 are conclusions of law to which no response is required.

112.     Denied.

113.     Denied.

114.     Denied.

115.     Denied.

116.     The allegations in Paragraph 116 are conclusions of law to which no response is required.

117.     Denied.

14

118.    Denied.

119.    Denied.

## SECOND CAUSE OF ACTION
### (Retaliation under 38 U.S.C. § 4311(b))

120.    Defendants restate and incorporate by reference the responses to the foregoing allegations in each of the paragraphs above as if fully set forth herein.

121.    The allegations in Paragraph 121 are conclusions of law to which no response is required.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

## THIRD CAUSE OF ACTION
### (Denial of Benefits of Employment under 38 U.S.C. § 4311(a))

128.    Defendants restate and incorporate by reference the responses to the foregoing allegations in each of the paragraphs above as if fully set forth herein.

129.    The allegations in Paragraph 129 are conclusions of law to which no response is required.

130.    Denied.

131.    Defendants admit that Amazon and AWS grant paid parental leave. Defendants deny the remaining allegations in Paragraph 131.

132.    Denied.

133.    The allegations in Paragraph 133 are conclusions of law to which no response is required.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

## FOURTH CAUSE OF ACTION
### (Interference under 29 U.S.C. § 2601)

138.    Defendants restate and incorporate by reference the responses to the foregoing allegations in each of the paragraphs above as if fully set forth herein.

139.    The allegations in Paragraph 139 are conclusions of law to which no response is required.

140.    The allegations in Paragraph 140 are conclusions of law to which no response is required.

141.    The allegations in Paragraph 141 are conclusions of law to which no response is required.

142.    The allegations in Paragraph 142 are conclusions of law to which no response is required.

143.    The allegations in Paragraph 143 are conclusions of law to which no response is required.

144.    Defendants admit that Plaintiff worked for AWS for at least 1,250 hours as of as of June 6, 2022. Defendants deny the remaining allegations in Paragraph 144.

145.    Defendants admit that Plaintiff has worked for AWS for at least 1,250 hours since June 6, 2022. Defendants deny the remaining allegations in Paragraph 145.

146.    Defendants admit that AWS assigned Plaintiff to a location in the Crystal City neighborhood of Arlington, Virginia at times in the two years surrounding June 6, 2022. Defendants deny the remaining allegations in Paragraph 146.

147.    Defendants admits that AWS employs at least 50 employees within 75 miles from its offices in the Crystal City neighborhood of Arlington, Virginia. Defendants deny the remaining allegations in Paragraph 147.

148.    Defendants admit that Plaintiff worked for AWS for at least 12 months as of as of June 6, 2022. Defendants deny the remaining allegations in Paragraph 148.

149.    Defendants admit that Plaintiff has worked for AWS for at least 12 months since June 6, 2022. Defendants deny the remaining allegations in Paragraph 149.

150.    The allegations in Paragraph 150 are conclusions of law to which no response is required.

151.    Defendants admit that Plaintiff took two PTO days purportedly due to the birth of his child in June 2022. Defendants deny the remaining allegations in Paragraph 151.

152.    The allegations in Paragraph 152 are conclusions of law to which no response is required.

153.    Defendants admit that Plaintiff took paid parental leave during his employment with Amazon and AWS. Defendants deny the remaining allegations in Paragraph 153.

154.    The allegations in Paragraph 154 are conclusions of law to which no response is required.

155.    Denied.

156.    Denied.

157.    Denied.

158.    The allegations in Paragraph 158 are conclusions of law to which no response is required.

159.    Denied.

160.    Denied.

161.    Denied.

## FIFTH CAUSE OF ACTION
### (Retaliation under 29 U.S.C. § 2601, *et seq.*)

162.    Defendants restate and incorporate by reference the responses to the foregoing allegations in each of the paragraphs above as if fully set forth herein.

163.    The allegations in Paragraph 163 are conclusions of law to which no response is required.

164.    The allegations in Paragraph 164 are conclusions of law to which no response is required.

165.    The allegations in Paragraph 165 are conclusions of law to which no response is required. Defendants deny the remaining allegations in Paragraph 165.

166.    Denied.

167.    Denied.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

## SIXTH CAUSE OF ACTION
**(Denial of Benefits of Employment under 29 U.S.C. § 2601, *et seq.*)**

173.    Defendants restate and incorporate by reference the responses to the foregoing allegations in each of the paragraphs above as if fully set forth herein.

174.    The allegations in Paragraph 174 are conclusions of law to which no response is required.

175.    Denied.

176.    Denied.

177.    The allegations in Paragraph 177 are conclusions of law to which no response is required.

178.    Denied.

179.    Denied.

180.    Denied.

181.    Denied.

### DEMAND FOR JURY TRIAL

Defendants admit that Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

Defendants admit that Plaintiff seeks certain relief in this action but denies that Plaintiff is entitled to relief under any theory or statute.

### GENERAL DENIAL

Defendants generally deny all allegations in Plaintiff's Complaint except for those that it specifically admits in accordance with Federal Rule of Civil Procedure 8(b)(3).

### AFFIRMATIVE AND OTHER DEFENSES

1.    Plaintiff fails, in whole or in part, to state a claim upon which relief can be granted.

19

2.      Defendants alternatively plead that Plaintiff has failed to mitigate his damages.

3.      Defendants are entitled to an offset for all interim compensation or income received by Plaintiff.

4.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

5.      Any FMLA claims arising more than two years prior to the institution of this lawsuit are barred by the statute of limitations because none of Defendants' alleged acts or omissions constitute willful violations of the FMLA.

6.      Defendants alternatively plead that any actions taken with respect to Plaintiff's employment were taken for legitimate, non-discriminatory, non-retaliatory business reasons.

7.      Defendants alternatively plead that Plaintiff's damages are limited by any applicable damages caps and limitations provided by law.

8.      The employment actions about which Plaintiff complains were taken for reasons wholly unrelated to Plaintiff's military status or requests for leave and Plaintiff's military status or alleged protected activities were not motivating factors in any alleged adverse employment action.

9.      Defendants alternatively pleads, upon information and belief, that any relief to which Plaintiff may be entitled is barred or limited by the after-acquired evidence doctrine.

10.      Defendants assert that Plaintiff's retaliation claims are barred, in whole or in part, because there is no causal connection between any alleged protected activities engaged in by Plaintiff and any alleged actionable adverse employment actions taken by Defendants.

11.      Defendants assert that Plaintiff's retaliation claims are barred, in whole or in part, because Plaintiff suffered no adverse employment action and regardless cannot establish that any

alleged actionable adverse employment action would not have been taken by Defendants but for Plaintiff allegedly engaging in protected activity.

12.    Plaintiff's USERRA claims are barred, in whole or in part, because Defendants would have taken the same actions but for Plaintiff's military status or military leave.

13.    Plaintiff's FMLA claims are barred, in whole or in part, because Defendants would have taken the same actions but for Plaintiff's FMLA leave.

14.    Plaintiff's claims under the FMLA fail, in whole or in part, because Defendants did not interfere with any of Plaintiff's rights under the FMLA.

15.    Plaintiff's claims under the FMLA fail, in whole or in part, because Defendants did not treat Plaintiff less favorably than any employee who had not requested leave and no adverse employment actions at issue were taken because Plaintiff sought leave under the FMLA.

16.    Plaintiff's claims under the FMLA fail, in whole or in part, because any adverse action taken by Defendants with respect to Plaintiff's employment was taken for legitimate, non-discriminatory and non-retaliatory reasons unrelated to any actual or attempted FMLA leave.

17.    Plaintiff is not entitled to an award of liquidated damages under the FMLA or USERRA because Defendants at all times acted in good faith, did not willfully violate the FMLA or USERRA, and had reasonable grounds for believing that their conduct did not violate the FMLA or USERRA.

18.    Plaintiff's claims against Amazon are barred because Amazon did not employ Plaintiff and did not subject Plaintiff to any adverse employment actions.

19.    Defendants reserve the right to add any and all additional defenses as they become known through discovery or further investigation.

## IV.    **PRAYER**

Defendants respectfully pray that Plaintiff's Complaint be dismissed and denied, that Plaintiff take nothing by his suit, and that Defendants recover their costs of court and reasonable attorneys' fees and all other relief to which they may be justly entitled.

Dated: March 11, 2024                    Respectfully submitted,

/s/ Jocelyn R. Cuttino
Jocelyn R. Cuttino (VA Bar No. 81379)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: 202.739.3000
Fax: 202.739.3001
jocelyn.cuttino@morganlewis.com

Stefanie R. Moll (*pro hac vice forthcoming*)
Morgan, Lewis & Bockius LLP
1000 Louisiana Street, Suite 4000
Houston, TX  77002
Tel: 713.890.5000
Fax: 713.890.5001

Jason J. Ranjo (*pro hac vice forthcoming*)
Morgan, Lewis & Bockius LLP
502 Carnegie Center
Princeton, New Jersey 08540-7814
Tel.: 609.919.6686
Fax: 877.432.9652

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I certify that on March 11, 2024, a copy of the foregoing document was filed electronically

on the Court's CM/ECF the therefore served on all counsel of record for Plaintiff.

_/s/_ Jocelyn R. Cuttino
Jocelyn R. Cuttino